UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| FREDDY W. THOMPSON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*

Defendant Freddy W. Thompson has moved the Court to dismiss Count Nine of the Superseding Indictment on the ground that it fails to set forth the allegedly false testimony upon which the charge is based. [Record No. 365] For the reasons stated below, the motion will be denied.

In Count Nine, the government alleges:

> On or about July 12, 2007, in Clay and Fayette Counties, in the Eastern District of Kentucky, FREDDY THOMPSON did corruptly endeavor to influence, obstruct and impede the due administration of justice in the Eastern District of Kentucky, to wit, by testifying falsely before a federal grand jury in Lexington, Kentucky, while an investigation in the Eastern District of Kentucky was pending, all in violation of 18 U.S.C. § 1503.

[Record No. 272, p. 15] Section 1503 provides for punishment of anyone who "corruptly . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503(a).

Defendant Thompson cites *United States v. Tonelli*, 577 F.2d 194 (3d Cir. 1978), and *United States v. Eddy*, 737 F.2d 564 (6th Cir. 1984), in support of his argument that a perjury indictment must include the alleged falsehood.  [Record No. 365, p. 3]  This may be true. However, the count in issue is not a perjury charge under 18 U.S.C. § 1623.[1]  Instead, Count Nine charges obstruction of justice under 18 U.S.C. § 1503.  The specificity requirements for indictments under the perjury statute are not applicable to § 1503.  *See, e.g.*, *United States v. Friedland*, 660 F.2d 919, 930 (3d Cir. 1981) ("[A]n indictment under [§] 1503 for endeavoring to obstruct justice . . . need not satisfy the specificity requirements . . . for a [§] 1623 violation."); *United States v. Schwimmer*, 649 F. Supp. 544, 547 (E.D.N.Y.1986) ("An indictment under section 1503 is sufficient if it furnishes sufficient information as to the time, place and essential elements of the crime to enable the defendants to prepare for trial and avoid a claim of double jeopardy.") (quotation omitted); *United States v. Martino*, No. 85-00150, 1988 WL 41468, at *2 (E.D. Pa. Apr. 28, 1988) ("An indictment under 18 U.S.C. § 1503 need not specify the false statements allegedly made or solicited."); *see also United States v. Upton*, 856 F. Supp. 727, 743-44 (E.D.N.Y.1994) (similar holding in context of indictment under 18 U.S.C. § 1505, which makes illegal obstruction of proceedings before departments, agencies, and committees).

Like Defendant Thompson, the defendants in *Friedland* argued that indictments under § 1503 are analogous to perjury indictments.  660 F.2d at 929-30.  They claimed their indictment under § 1503 was insufficient because it failed to meet the specificity requirements set out in

---

[1] In his reply [Record No. 481], Thompson argues that the United States has not offered an explanation as to why he was "indicted under the omnibus clause of the obstruction statute, rather than under 18 U.S.C. § 1623 . . ."  However, no such explanation is required.

*Tonelli* and another case dealing with sufficiency of indictments under the perjury statute, *United States v. Slawik*, 548 F.2d 75 (3d Cir. 1977). *Id.* at 930. The court observed that greater specificity is required in perjury indictments "[b]ecause materiality and falsity are expressly included as elements of an offense under [§] 1623."[2] *Id.* at 930. The fact that the § 1503 indictment charged the defendants with soliciting a witness to testify falsely before a grand jury did "not thereby transform[] [the case] into a 'false statements' case"; rather, the defendants were charged with obstruction of justice, and "[m]ateriality and falsity are not elements of the crime charged." *Id.* Because the two statutes contain different elements, the court concluded that, "an indictment under [§] 1503 for endeavoring to obstruct justice . . . need not satisfy the specificity requirements imposed by *Slawik* and *Tonelli* for a [§] 1623 violation." *Id.*

The defendant in *Schwimmer* likewise "analogized [his indictment under § 1503] to a perjury prosecution" and challenged the sufficiency of the indictment on the ground that it did not identify the false document he had allegedly caused to be fabricated and submitted to the grand jury. 649 F. Supp. at 547. The court rejected Schwimmer's argument, pointing out that he did not face charges of perjury. Instead, "[Schwimmer was] charged with obstruction of justice, and the indictment specifie[d] the way in which he [was] alleged to have obstructed justice: by causing the submission of a false document to the grand jury." *Id.* The court concluded that it was not necessary for the government to identify the allegedly false document in the indictment. "An indictment under section 1503 is sufficient if it furnishes sufficient

---

[2] Section 1623 provides, in relevant part: "[w]hoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a).

information as to the time, place and essential elements of the crime to enable the defendants to prepare for trial and avoid a claim of double jeopardy." *Id.*

Like the defendants in *Friedland* and *Schwimmer*, Defendant Thompson has not been charged with perjury, but with obstruction of justice. Thus, the indictment need not meet any heightened specificity requirements.

Generally, an indictment is sufficient if it satisfies a two-part test:

[F]irst, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.

*United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992). Count Nine of the Superseding Indictment is sufficient under this standard. As noted in the United States' response, the charge tracks the language of § 1503 and provides the date and location of the alleged offense. [Record No. 439, p. 4; Record No. 272, p. 15] *See Collis*, 128 F.3d at 317.

In summary, Defendant Thompson "is charged with obstruction of justice, and the Superseding Indictment specifies the way in which he is alleged to have obstructed justice": by giving false testimony before a grand jury. *Schwimmer*, 649 F. Supp. at 547. Nothing further is required. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Count Nine [Record No. 365] is **DENIED**.

This 10th day of September, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge