UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| V. | ) | |
| FREDDY W. THOMPSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Freddy W. Thompson's Motion for Release Pending Appeal. [Record No. 1238] Thompson was sentenced to 150 months of imprisonment for his convictions on charges of conspiracy to violate RICO, conspiracy to commit money laundering, obstruction of justice, conspiracy against rights, and conspiracy to commit vote-buying. He filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals and now seeks release from custody pending resolution of that appeal.

Pursuant to 18 U.S.C. § 3143(b), a criminal defendant must be detained while his appeal is pending unless the court finds by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). The defendant must also demonstrate that "the appeal is not for the purpose of delay and raises a substantial question of law or fact" that will likely lead to reversal or a new trial. *Id.* Thus, the statute creates a presumption that a defendant who has been convicted may not be released pending appeal. *See United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

As Thompson acknowledges, the burden of showing that release would be proper rests with him. *See id.* [Record No. 1238-1, p. 3] Yet he makes little effort to satisfy the first prong of § 3143(b)(1), suggesting instead that "risk of flight and danger to the community [] are not in issue." [*Id.*] Thompson notes that he "was released prior to trial, so it was found at that time that he did not pose a danger to the community or a risk of flight." [*Id.*] He further points out that he had no prior criminal record, that he has strong family and community connections to Clay County, and that he "conducted himself forthrightly" during the trial and other proceedings in this case. [*Id.*] Finally, he offers to "submit to GPS monitoring at his own expense" and promises to be gainfully employed "within days of his release." [*Id.*, pp. 3-4]

Such assurances are insufficient in light of the heavy burden imposed by § 3143(b)(1)(A). First, the fact that Thompson was released before trial does not mean that release would be appropriate now. At the pretrial stage, Thompson was presumed innocent, and the United States bore the burden of proving by clear and convincing evidence that detention was necessary. *See* 18 U.S.C. § 3142(f); *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) ("[T]he government's ultimate burden [under § 3142] is to prove that no conditions of release can assure that the defendant will appear and . . . assure the safety of the community."). Whereas § 3143 presumes that a convicted defendant should be detained during the pendency of his appeal, "[t]he default position of the law . . . is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. And unlike a pretrial defendant, a defendant who (like Thompson) has been convicted of several serious crimes and faces a lengthy prison sentence has significant motivation to flee.

Moreover, evidence was presented at trial concerning multiple acts of witness intimidation and retaliation by conspiracy members. The Court previously determined, based on such evidence and the apparent ongoing nature of the conspiracy — which includes numerous unindicted coconspirators — that postconviction release was not warranted for any defendant. Thompson's motion fails to address the Court's concerns.

In sum, Thompson has failed to rebut the statutory presumption in favor of his detention pending appeal. Because he has not demonstrated by clear and convincing evidence that he is unlikely to flee or pose a danger to the community, the Court does not reach his arguments concerning issues to be raised on appeal. Accordingly, it is hereby

**ORDERED** that Thompson's Motion for Release Pending Appeal [Record No. 1238] is **DENIED**.

This 6th day of May, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge